## Willdigg Estate

*Snyder & Bent*, for accountant.

KLEIN, P. J., June 16, 1954.—By decree of Ladner, J., dated April 8, 1949, Fidelity-Philadelphia Trust Company was appointed trustee durante absentia for Sherley M. W. Willdigg, a missing person.

By adjudication of Ladner, J., dated April 12, 1949, in the estate of Elizabeth R. Lewis, deceased (October term, 1921, no. 692), the balance for distribution was awarded to the Fidelity-Philadelphia Trust Company, trustee durante absentia for Sherley M. W. Willdigg.

The reason for filing the present account is the appearance of Sherley M. W. Willdigg, who claims the fund held by the trustee.

This is the first account filed by a trustee durante absentia which has been called for audit before the present auditing judge since the adoption of the Fiduciaries Act of 1949.

The first question which presents itself is whether the present accounting is controlled by the aforesaid Act of 1949.

Section 105 of the Fiduciaries Act of April 18, 1949, P. L. 512, states that the act shall take effect on January 1, 1950, subject to certain exceptions. An examination of these exceptions reveals that they do not include section 1202(a), which provides for the appointment of a trustee for an absentee, and section 1202(b), which is entitled "Bonds, Powers, Duties and Liabilities". Section 1202(b) provides:

"A trustee for an absentee shall give such bond, shall be removed and discharged, and, except as otherwise expressly provided, shall have the same powers, duties and liabilities in the administration of the absentee's real and personal estate as are provided in this act with respect to a guardian in the administration of a minor's estate and, in addition, shall have the right to pay premiums on policies of insurance insuring the life of the absentee and, with the approval of the court, to pay or expend and apply so much of the absentee's property, or the income therefrom, as may be necessary for the support of anyone whom the absentee, if living, would be under a legal duty to

support, or for the education of his minor children. He shall not have the power to sell or dispose of any asset of the estate or to enter into any lease without prior court approval."

It is clear that under the aforesaid section of the act the power of a trustee in the administration of the estate of an absentee conforms in all respects with that of a guardian in the administration of a minor's estate.

The auditing judge is satisfied that the accountant has followed the proper procedure not only with respect to the administration of this estate but also as to the form and content of the account which it has filed.

At the audit John M. Richards, assistant trust officer of the Girard Trust Corn Exchange Bank, testified that he knew Sherley M. W. Willdigg all of his life, as they were both raised in the same neighborhood in the northeast section of Philadelphia. He testified further that he knew Elizabeth Lewis, the absentee's great-aunt, from whose estate the fund which is the subject of the present accounting is derived.

Sherley M. W. Willdigg testified that his correct name was William Morgan Sherley Willdigg but that his aunt, Elizabeth R. Lewis, and most other people called him Sherley. He further testified that in later years he tried "to get away from it because it is a girl's name." As further proof of his identity he submitted the following documents:

(a) Certificate of graduation from Adaire Chandler School, Philadelphia, dated January 31, 1923;

(b) Social Security card bearing accountant no. 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, issued December 10, 1936;

(c) Honorable discharge from the Army of the United States, dated October 26, 1945;

(d) The American Legion membership card for 1954.

As a result of the testimony and the documents which have been produced, the auditing judge is satisfied, and finds as a fact, that claimant, William Morgan Sherley Willdigg, is the same person as Sherley M. W. Willdigg, for whom Fidelity-Philadelphia Trust Company was appointed trustee durante absentia, and that he is entitled to receive the funds which are the subject of the present accounting.

The balance of principal, personalty, composed as stated, is $7,907.47 which, together with the balance of income, $233.72, and together with any further income or interest on deposits, is awarded to William Morgan Sherley Willdigg, also known as Sherley M. W. Willdigg.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, June 16, 1954, the account is confirmed nisi.